[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Covino brought suit against International Home Improvers, Co., Inc. (International) and John Guillory individually. Guillory was the principal of International. The lawsuit arises out of a contract to renovate and make additions to the plaintiffs residence. The plaintiff claims breach of contract, fraud, breach of fiduciary duty, conversion, and violation of two Connecticut statutes and seeks money damages for, among other things, emotional distress.
This matter comes before the court on the report and recommendations of an Attorney Trial Referee (ATR) following a trial before the ATR extending over seventeen days. See Practice Book §§ 19-2A, 19-4, 19-8. The ATR's report and recommendation, dated January 21, 2002, is twenty pages in length, contains thirty-two specific findings of fact, fourteen conclusions and fourteen pages of discussion. The report is thorough, complete and well reasoned.
No objection has been filed to the ATR's report and recommendation, and no transcript of the trial is in the record. In this situation there is no basis for the court to reject or modify the ATR findings of fact. SeeMeadows v. Higgins, 249 Conn. 155, 170, n. 10 (1999). Therefore, the findings of fact are adopted by the court.
In his conclusions the ATR found that the plaintiffs had proven that (I) the defendant International had breached its contract with plaintiff; (2) that both defendants, International and Guillory had violated the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110 et seq. (CUTPA) and the Home Improvement Act, General statutes §§ 20-418 et seq. and that both were liable on the claim of emotional distress. The ATR also found that the plaintiff had not proven that Guillory had a fiduciary relationship with the plaintiff and had not proven sufficient facts to pierce the corporate veil of International. However, the ATR found that Guillory had, in his individual capacity, participated in the wrongful acts of International. On the basis ofScribner v. O'Brien, Inc., 169 Conn. 389, 403-404 (1975) the ATR held Guillory individually responsible with International for the tort-type claims, excluding the contractual based claims. The court finds these conclusions follow legally and logically from the facts found.
The ATR recommended the following assessment of damages: $180,000 on the breach of contract claim; the same amount of $180,000 on the CUTPA claims, which represents the contract damages, plus attorneys fees of $75,000 punitive damages of $30,000, and $35,000 on the emotional distress claim. These recommendations are accepted, as they are supported by the facts. CT Page 3242
The court enters the following orders. Judgment is entered against International on the contract claim in the amount of $180,000 plus interest awarded from November 1, 1997 in the amount of $79,850.
Judgment is entered jointly and severally against International and Guillory in the amount of $180,000 plus $75,000 in attorneys fees and $30,000 in punitive damages for a total of $285,000 on the CUTPA claim. While it is not entirely clear from the ATR's report whether he recommended that the emotional distress damages be assessed against only International or against both defendants, the court concludes these damages should be assessed against International and Guillory jointly and severally in the amount of $35,000.
Since the actual damages in the contract and CUTPA claims are the same damages, the court concludes that the judgment against International individually on the contract claim is subsumed in the joint and several liability of International and Guillory in the total amount of $320,000 on the CUTPA clam which included the contract damages, emotional distress claim, attorney's fees and punitive damages.
ADAMS, J.